```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

ST. PAUL FIRE & MARINE        )
INSURANCE COMPANY,            )
                              )
            Plaintiff         )
                              )
      v.                      )   Case No. 2:08 cv 176
                              )
SCHILLI TRANSPORTATION        )
SERVICES, INC.; ATLANTIC INLAND)
CARRIERS, INC.; WVT OF TEXAS, )
INC.,                         )
                              )
            Defendants        )

OPINION AND ORDER

The matter is before the court on the Verified Motion to Compel Discovery [DE 29] filed by the plaintiff, St. Paul Fire & Marine Insurance Company, on January 29, 2010. For the following reasons, the motion is **GRANTED.**

Background

On June 10, 2008, St. Paul Fire & Marine Insurance Company filed a complaint for damages against defendants, Atlantic Inland Carriers, Inc., Schilli Transportations Services, Inc., and WVT of Texas, Inc., all of which are owned by Thomas R. Schilli. The main issue surrounds the purchase of an insurance policy and the subsequent agreement entered into around June 1, 2000. Under the agreement, St. Paul agreed to pay judgments or settlements resulting from any claim or suit brought against any of the insured parties, which included Atlantic Carriers, Schilli Services, and WVT, and the insured party would repay St. Paul up to a specified deductible for any one accident. St. Paul main-

tains that from September 2004 to February 2008, it advanced $254,762.54 under the above policy for administration, investigation, adjustment, settlement, and disposition of claims brought against Atlantic Carriers, Schilli Services, and WVT and that St. Paul has not been reimbursed as stipulated in the agreement. Specific to this motion, the claims in question include seven accidents involving Atlantic Carriers' vehicles or equipment for which there were eight claimants. In the Answer, Atlantic Carriers, Schilli Services, and WVT denied these allegations and the existence of a binding lawful contract between the parties.

On November 24, 2009, St. Paul sought production of documents from Atlantic Carriers, but it declined to produce the documents citing its dissolved status and the lack of personnel to retrieve any such documents. On December 7, 2009, St. Paul again requested production of documents from Atlantic Carriers, contending that Schilli was responsible for maintaining and producing the documents. Atlantic Carriers did not respond. Subsequently, St. Paul, after having shown a good faith attempt to confer with Atlantic Carriers' counsel to resolve this dispute, filed this Motion to Compel Discovery pursuant to Federal Rule of Civil Procedure 37.

St. Paul is seeking copies of all physical and other electronically stored documents pertaining to claims for compensation resulting from the seven accidents. This includes all letters, e-mails, electronically stored data of any variety, police reports, medical bills, medical records, photographs, and any

other tangible thing which reflects communication between an employee of any of the defendants and any employee of the plaintiff regarding the described claims for compensation.

In its "combined" response, Atlantic Carriers argues that a more limited form of discovery is appropriate because it has been out of business since 2003, and thus, it will be difficult to locate the information requested. Further, the defendants argue that the production requests are unduly burdensome and are not reasonably calculated to lead to the discovery of admissible evidence against Atlantic Carriers' sister companies, Schilli Services and WVT.

Within the response, Atlantic Carriers combined a Motion to Strike "Exhibit E." The exhibit which Atlantic Carriers seeks to strike, apparently under Federal Rule of Civil Procedure 12(f), is the unsigned indemnity agreement attached to St. Paul's Complaint as Exhibit E.

### Discussion

Local Rule 7.1(b) states: "[E]ach Motion shall be separate." Therefore, defendant's Motion to Strike contained within its Response is not a properly filed motion and will not be addressed.

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). For discov-

ery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting* *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.E.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information may still be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville,* 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)) *See also* *Adams v. Target*, 2001 WL 987853, *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle*, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 Ibew*, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) (*citing* *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); *McGrath v. Everest National Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009) (internal citations

omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 206 F.R.D. 474, 478 (N.D. Ind. 2009) (*citing* *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (*citing* *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)) (internal quotations and citations omitted).

The heart of the case involves the validity of the indemnity agreement which required St. Paul to pay claims on behalf of Schilli Services, WVT, and Atlantic Carriers with subsequent indemnity from the defendants. The pending motion seeks informa-

tion relevant to the indemnity agreement.  As such, Atlantic Carriers, in its objection, carries the burden to demonstrate why such information should not be turned over to St. Paul.  *Kodish*, 235 F.R.D. at 449-50. Therefore, only Atlantic Carriers' assertions as to why they refused discovery will be addressed.

First, Atlantic Carriers contends that the information sought is not reasonably calculated to lead to the discovery of admissible evidence against Schilli Services or WVT.  Atlantic Carriers uses its Answer denying the validity of the unsigned indemnity agreement as the basis for claiming that the information sought is irrelevant.  However, the issue at this time is whether Atlantic Carriers is required to produce discoverable information.  Atlantic Carriers has addressed the merits and has assumed the outcome for these issues, which is impossible to adjudicate without discovery.  In *Meyer v. Southern Pacific Lines,* 199 F.R.D. 610 (N.D. Ill. 2001), a similar argument ensued.  Amtrak, one of the defendants, objected to discovery requests on the basis that the information requested was irrelevant based on the various defenses, especially preemption, it asserted to the underlying cause of action.  Foreclosing the arguments regarding federal preemption, the court summarized:

> Of course, if Amtrak can ultimately prove that [preemption] and/or [another defense exists], then Amtrak can assert these arguments as a defense to liability.  But, the present Motions before the court concern discovery disputes.  In its refusal to answer plaintiff's discovery, Amtrak, essentially, puts the cart before the horse.  In fact, even if Amtrak's arguments about federal

6

>     preemption and [concerning its other defenses
>     asserted in the Answer] were accurate (which
>     they most certainly are not), this would not
>     relieve Amtrak of its duty to answer and
>     respond to discovery.
>
> *Id.* at 615

Correspondingly, Atlantic Carriers may not avoid its participation in the discovery process merely by asserting its defense to the underlying claim. This argument fails, and Atlantic Carrier has failed to meet its burden based on relevancy arguments.

Secondly, counsel insists the production request for Atlantic Carriers places an undue burden upon Schilli Services and WVT because the time and effort of sifting through privileged and unprivileged documents and electronically stored information would take "hundreds of hours" considering Atlantic Carriers' defunct status. (Deft. Resp. Mot. Compel p. 4) However, Indiana Code §23-1-45-5 requires a dissolved corporation to "continue its corporate existence . . . to wind up and liquidate its business and affairs," and the dissolution does not, "prevent commencement of a proceeding by or against the corporation in its corporate name." Ind. Code §23-1-45-5. *See also **Lehman Bros. Holdings, Inc. v. Laureate Realty Services, Inc.*** 2007 WL 2904591 at *30 (S.D. Ind. Sept. 28, 2007) (*citing* **United States v. P.F. Collier & Son Corp.,** 208 F.2d 936, 937 (7th Cir. 1953) (explaining that the effect of dissolution is determined by law of the state of incorporation).

Atlantic Carriers was an Indiana Corporation with its principal place of business in Indiana, a fact not disputed. Atlantic Carriers was doing business during the years of the relevant policy and accidents, and the corporation has a duty to wind up its business affairs. Also, as stated above, Atlantic Carriers was one of the insured parties under the blanket deductible policy issued by St. Paul, a fact not disputed.

In addition, Atlantic Carriers' plea that sifting through possible discoverable information will involve an overwhelming time commitment fails to demonstrate with any specificity the burden that production would entail. Consequently, the Motion to Compel is **GRANTED.** Atlantic Carriers is ORDERED to produce the requested discovery within the next twenty-eight (28) days.

"The great operative principle of Rule 37(a)(4) is that the loser pays." Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* §2288 at 787 (1970). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." ***Rickels v. City of South Bend, Ind.***, 33 F.3d 785, 787 (7th Cir. 1994). Any loser may avoid payment by showing that its position was substantially justified. ***Rickels***, 33 F.3d at 787. The failure to disclose is sanctionable and properly remedied by an order compelling discovery. Rule 37(a)(2)(B), (a)(3), (a)(4); ***Lucas v. GC Services, L.P.***, 226 F.R.D. 328, 329-30 (N.D. Ind. 2004). Rule

37(a)(4)(A) states that the court shall require sanctions based upon the costs of seeking a motion to compel. ***Stookey v. Teller Training Distributors, Inc.***, 9 F.3d 631, 637 (7th Cir. 1993) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."). Sanctions under Rule 37(a)(4)(A) are appropriate unless the party's nondisclosure was "substantially justified." In addition, Rule 37(c)(1) states that a party who fails to disclose, provides false or misleading disclosure, or refuses to admit information required by Rule 26(a) without "substantial justification" may be sanctioned unless such failure was "harmless." ***Musser v. Gentiva Health Services***, 356 F.3d 751, 755 (7th Cir.2004); ***Salgado v. General Motors Corp.***, 150 F.3d 735, 742 (7th Cir.1998); ***Engel v. Town of Roseland***, 2007 WL 2903196, *6 (N.D. Ind. Oct. 10, 2007). Thus, Rule 37(a) is a fee-shifting rule, and the loser must pay unless it demonstrates that its position was "substantially justified."

Here, Atlantic Carriers has failed to demonstrate any substantially justified reason for withholding discovery. Basically, Atlantic Carriers' arguments were centered on the merits of the case and did not offer a valid reason which could allow them to withhold the production of discoverable information. Therefore, St. Paul is entitled to recover the expenses required to pursue court intervention for discovery and is awarded attorney's fees involved with this Motion to Compel Discovery.

_____

For the foregoing reasons, the Motion to Compel Discovery [DE 29] filed by the plaintiff, St. Paul Fire & Marine Insurance Company, on January 29, 2010, is **GRANTED**. Counsel for St. Paul shall submit an affidavit in support of relevant attorney fees within ten (10) days.

ENTERED this 28th day of June, 2010


                                                s/ ANDREW P. RODOVICH
                                                  United States Magistrate Judge